UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALFONZO WELLS, JR.,

          Plaintiff,

v.                                     Case No. 20-cv-1510-pp

JEREMY HASKE,

          Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (DKT. NO. 36) AND DISMISSING CASE**

      The plaintiff, Alfonzo Wells, Jr., who previously was incarcerated at the Racine County Jail and who is representing himself, filed this civil rights case under 42 U.S.C. §1983. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to proceed against defendant Jeremy Haske on Fourteenth Amendment claims of excessive force and unconstitutional conditions of confinement. Dkt. No. 29 at 14–15. The defendant has filed a motion for summary judgment, contending that the plaintiff failed to exhaust his administrative remedies. Dkt. No. 36.

      On January 13, 2022, the court ordered that by February 10, 2022, the plaintiff must file his response to the defendant's motion. Dkt. No. 40. The court advised the plaintiff that if the court did not receive his response by the deadline, the court had the authority to treat the defendant's motion as unopposed, accept all facts asserted by the defendant as undisputed and decide the motion based only on the arguments in the defendant's brief,

1

without any input from the plaintiff. Id. at 2. The February 10, 2022 deadline has passed, and the court has not received a response to the defendant's motion for summary judgment. The court will treat the defendant's summary judgment motion as unopposed, accept the defendant's facts as undisputed and decide the motion without a response from the plaintiff.

**I.     Defendant's Motion for Summary Judgment (Dkt. No. 36)**

       A.     Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

       B.     Facts

From November 8, 2019 until September 28, 2020, the plaintiff was under the supervision of the Wisconsin Department of Corrections' Department of Community Corrections (DCC) in accordance with an Interstate Compact Agreement with Illinois. Dkt. No. 38 at ¶3. Wisconsin's administrative procedures for complaints by offenders under DCC supervision are outlined in Wis. Admin. Code §DOC 328.12.  Dkt. No. 39 at ¶9. Under the review system,

after attempting to resolve his concern, the offender may file "a written request for administrative review to the agent's supervisor" using the DCC's designated form, Form DOC-127. Id. at ¶¶10–11. If the offender disagrees with the supervisor's decision, he may request review by the regional chief. Id. Finally, the offender may request review by the DCC administrator, whose decision on the matter is final. Id.

The DCC administrative review process described above is outlined in the DCC Offender Handbook. Id. at ¶12. A copy of the handbook is provided to all offenders under supervision. Id. On January 21, 2020, the plaintiff completed a DCC Offender Intake Checklist, which indicated that the plaintiff was given a copy of the Offender Handbook and that his agent had reviewed the offender complaint process with him. Id. at ¶13.

In June 2020, the plaintiff was arrested and taken into custody at the Racine County Jail. Id. at ¶8. The defendant was assigned as the plaintiff's supervising agent from June 29, 2020 to August 28, 2020. Id. at ¶7. The plaintiff alleges that the defendant beat, kidnapped, tortured and sexually assaulted him. Dkt. No. 29 at 14–15. The defendant's unopposed proposed findings of fact state that the plaintiff did not file a Form DOC-127 to initiate a complaint regarding his allegations against the defendant. Dkt. No. 38 at ¶ 7.

C. Discussion

The Prison Litigation Reform Act (PLRA) states that an incarcerated person cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a);

see also Woodford v. Ngo, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires an incarcerated person to comply with the rules applicable to the grievance process at the inmate's institution. Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002).

Because he was an offender under DCC supervision at the time of the alleged events, Wis. Admin. Code §328.12 provided the applicable administrative remedy for the plaintiff. See Werner v. Wall, 836 F.3d 751, 765 n.31 (7th Cir. 2016). It is undisputed that the plaintiff never filed a Form DOC-127 to initiate a complaint regarding his allegations against the defendant. Because the plaintiff did not submit a Form DOC-127, he did not exhaust the grievance procedure in place for offenders under DCC supervision. The defendant's summary judgment motion and supporting materials show that the plaintiff failed to exhaust his available administrative remedies. The court will grant the defendant's motion and dismiss the case without prejudice. See Barnes v. Briley, 420 F.3d 673, 676 (7th Cir. 2005) (citations omitted).

## II. Conclusion

The court **GRANTS** the defendant's motion for summary judgment on exhaustion grounds. Dkt. No. 36.

The court **DISMISSES** this case without prejudice. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by

filing in this court a notice of appeal within thirty days of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 25th day of April, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**